# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
## No. 7:12-CV-290-BO

| | |
|---|---|
| MARGARET TEMPLE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on November 22, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on August 19, 2008, alleging disability since December 30, 2004.[1] Her claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is

---

[1] Plaintiff later amended her alleged onset date to March 31, 2005.

limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding at step one that plaintiff last met the insured status requirements on December 31, 2006, and had not engaged in any substantial gainful activity between her alleged onset date through her date last insured, the ALJ determined that plaintiff had the following severe impairments: fibromyalgia, degenerative joint disease of the left knee, and chronic fatigue. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform the full range of sedentary work. Plaintiff was then found to be able

2

to perform her past relevant work as a secretary, billing clerk, and receptionist. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff contends first that the ALJ failed to properly assess her statement regarding the date her disability began and failed to properly assess the statements of lay witnesses regarding the date plaintiff's disability began. Plaintiff also contends it was error for the ALJ not to consult a medical advisor to assist in determining plaintiff's onset date. The ALJ considered all of the evidence relating to plaintiff's contention that she should be considered too limited to work prior to her date last insured, December 31, 2006. Noting there to be "sparse" medical evidence from her amended alleged onset date and her date last insured, the ALJ considered the statements by plaintiff's husband and daughter-in-law regarding plaintiff's condition. SSR 83-20. The ALJ afforded these lay statements little weight, however, as there was nothing in the medical record to support their contention that plaintiff had bad days, felt bad, or needed assistance prior to her date last insured. The medical record does reveal that in 2007 plaintiff began to complain of fatigue, beginning one year earlier, with gradual onset, however. Tr. 416.

Nor was it error for the ALJ to fail to consult a medical advisor to determine plaintiff's onset date. "[I]f the evidence of onset is ambiguous, the ALJ must procure the assistance of a medical advisor in order to render the informed judgment that [SSR 83-20] requires" in determining the onset of a disabling impairment. Here, a medical advisor was not necessary as plaintiff had not demonstrated that she had a condition or conditions that were determined to be disabling. *See Hall v. Astrue*, 2:11cv24, 2012 WL 1313242 *4 (W.D.N.C. March 26, 2012) (listing cases holding same).

Substantial evidence supports the ALJ's finding as to plaintiff's condition during the

3

relevant time period, as does it support the ALJ's finding that plaintiff could perform sedentary work. Even in the absence of a lengthy medical record detailing plaintiff's impairments, the ALJ determined her subjective testimony to be credible enough to find that she could perform only sedentary work – not medium work as had been found by the state agency physicians. Tr. 480; 487. Moreover, the ALJ did consider some medical evidence generated after plaintiff's date last insured, Tr. 30-31, but clearly found that it was not "reflective of a possible earlier and progressive degeneration." *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969); *see also Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 (4th Cir. 2012). Plaintiff's records related to her knee pain reveal that following surgery her knee had greatly improved. Tr. 342. Though she was diagnosed with fibryomyalgia in 2008, Tr. 403, as the ALJ noted, there was no medical evidence in the record to support plaintiff's allegation that she had suffered from disabling symptoms related to fibromyalgia or chronic fatigue since 2006.

As the ALJ employed the correct legal standard and substantial evidence supports his findings, the decision of the Commissioner must be affirmed.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 20] is DENIED, defendant's motion for judgment on the pleadings [DE 24] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___6___ day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4